FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 DEC -2 PM 12: 42

U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES O. POWELL, }
}
    Plaintiff }
}
vs. }    CIVIL ACTION NO.
}
}    96-AR-0616-M
TOWN OF POWELL, ALABAMA, ET }
AL., }
}
    Defendants }

ENTERED

DEC 2 1997

## MEMORANDUM OPINION

The court has for consideration the renewed motion for summary judgment filed by defendants, Town of Powell, Alabama, W. L. Helton, Don Brown, John Hurtt, Eugene Byrum, Kelvey Helton, Roger Wigley, Virginia Helton and Steve Dutton. The only defendant who does not have a pending motion for summary judgment is James Hatfield, *pro se*, who is the subject of a show cause order entered on November 17, 1997.

Plaintiff, James O. Powell, attempts to enmesh this court in what is a political donnybrook of the first order. Although federal courts seem to be called upon to correct almost every perceived societal ill, this is a controversy that a federal court should not be called upon to resolve. The only evidence here does not establish a factual basis for any of the causes of action plaintiff attempts under any of his remaining federal theories. His pendent state law claims fare no better.

As this court has previously stated, Mr. Powell's complaint is

1

40

long and complex and employs many theories, some of which overlap. Assuming that the claims which have not previously been dismissed under Rule 12(b)(6) analysis are facially viable, plaintiff has not offered any evidence to support them factually or to refute defendants' absolute defenses supported by evidence. Plaintiff relies entirely on hearsay, on speculation, on his own opinions and on his own conclusions. As an example, plaintiff charges that defendants hired burglars to steal from him, but he offers no admissible proof in support of the said allegation. Under Rule 56, a non-movant must make an evidentiary showing to support his essential allegations. Plaintiff has not done so.

The various reasons why the moving defendants here are entitled to summary judgment are well developed in their briefs and in the court's earlier opinion entered on October 18, 1996, which accompanied an order that dismissed plaintiff's claims under 42 U.S.C. § 1985 and which postponed the other issues presented by dispositive motion until a reasonable period for discovery had elapsed. That period has long since passed, and no real change has occurred.

It would serve no purpose to repeat here the reasons outlined in defendants' briefs to support their positions, especially when considering that plaintiff's sole evidence, an affidavit, has been stricken in its crucial respects. There is simply no refutation of defendants' version of the pertinent facts, and they are therefore taken as true for the purposes of Rule 56 treatment.

2

In addition to the defenses expressly raised by all defendants, defendants Don Brown and Steve Dutton, who were municipal police officials operating within the line and scope of their employment at all pertinent times, are entitled to the absolute immunity provided by Alabama Code § 6-5-338. Arguably, § 6-5-338 by its language also extends its immunity to the Town of Powell itself. Of course, this immunity extends only to the state claims such as malicious prosecution, false imprisonment and abuse of process. It does not provide immunity from 42 U.S.C. § 1983 liability. *Crouch v. Whatley*, 900 F. Supp. 1567 (M. D. Ala. 1995). But the § 1983 claims, to the extent not barred by qualified immunity, are unsupported by evidence.

A separate, appropriate order will be entered.

DONE this 2nd day of December, 1997.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE